```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDRE DANTZLER                :        CIVIL ACTION
                              :
                              :
     v.                       :
                              :
FRANKLIN J. TENNIS, et al.    :        NO. 08-1612
```

MEMORANDUM & ORDER

Mclaughlin, J.                                September 17, 2008

    Pennsylvania State Prisoner Andre Dantzler was convicted of rape and involuntary deviate sexual intercourse and sentenced to fifteen to forty years of incarceration. His maximum release date is January 29, 2021. On November 25, 2003, the Pennsylvania Board of Probation & Parole ("PBPP") granted Dantzler's parole application on the condition that he be paroled to a Community Corrections Center providing out-patient sex offender treatment. To date, the PBPP has been unable to find an out-patient treatment center able to accommodate Dantzler. Dantzler remains incarcerated at Rockview State Correctional Institute.

    Dantzler filed a civil rights action in this court on April 24, 2008 pursuant to 42 U.S.C. § 1983 alleging violation of the 14th Amendment and the Ex Post Facto clause of the Constitution of the United States. Dantzler requests injunctive relief in the

form of release from prison into a Community Corrections Center as well as compensatory damages in the amount of $150,000 and punitive damages. He further requests an injunction requiring defendants to implement procedures that would provide for faster release upon parole.  The Court will dismiss Dantzler's complaint for failure to state a claim upon which relief may be granted.

A prisoner may not use § 1983 to attack the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).  An inmate who attacks his parole eligibility or parole suitability proceedings may use § 1983 to do so only if success in the suit will not necessarily imply the invalidity of the prisoner's confinement or its duration.  Wilkinson v. Dotson, 544 U.S. 74 (2005).

Dantzler argues that success on his claims will not necessarily imply the invalidity of his confinement. "[A] grant of parole does not eliminate a prisoner's sentence, but instead the prisoner continues to serve [his] sentence, during which time he is the subject of society's rehabilitation efforts under supervision."  Compl. at 10.  This characterization of release on parole does not comport with binding precedent.

The Wilkinson plaintiffs challenged their parole status, but were allowed to do so under § 1983 only because their challenges did not necessarily require their release on parole.  Id.  The Wilkinson Court drew no distinction between "release" and

2

"release on parole."  Dantzler's challenge specifically requests his release from prison on parole.  Release from prison, even on parole, falls within the "core" of habeas corpus as defined in Wilkinson and may not be litigated using § 1983.

In his complaint, Dantzler also requests that the Court order the PBPP to establish procedures to "ensure that when parole is granted, proper steps" are followed to facilitate inmates' release.  The basis for such relief was not made clear in the complaint.  Dantzler's brief in opposition to the defendants' motion to dismiss suggests that the basis for such relief was meant to lie in the Equal Protection Clause of the 14th Amendment.  Dantzler argues that Pennsylvania's treatment of prisoners convicted of sex offenses, which differs from treatment of other prisoners with respect to parole, violates the 14th Amendment.

The Equal Protection Clause, to the extent it serves as Dantzler's basis for relief, affords no heightened scrutiny of a state's treatment of sex offenders. See, Cutshall v. Sundquist, 193 F.3d 466, 482 (6th Cir. 1999).  The Supreme Court has named the personal characteristics receiving heightened equal protection scrutiny: race, alienage and national origin, gender and status as a non-marital child. Cleburne v. Cleburne Living Center, 473 U.S. 432, 439-40 (1985).  Different punishments or parole schemes based only on the nature of a crime do not fall

3

within the classifications listed in Cleburne.  Another decision of the Supreme Court specifically refused to apply heightened scrutiny to a classification based on the nature of the petitioner's crime.  Chapman v. United States, 500 U.S. 453, 465 (1991).  Citing Cleburne and Chapman, the Third Circuit has refused to find that a distinction drawn between "compulsive and repetitive" sex offenders and other sex offenders receives heightened scrutiny.  Artway v. Attorney General of New Jersey, 81 F.3d 1235, 1267 (3d Cir. 1996).

    The Equal Protection Clause requires only that the state provide some plausible reason–a "rational basis"–for treating convicted sex offenders differently from other prisoners or parolees.  Pennsylvania's interests in providing communities notice about the release of convicted sex offenders and in providing paroled sex offenders with post-incarceration treatment meet the rational basis standard of review.

    Dantzler may not use § 1983 as a vehicle for his claims relating to his release on parole.  To the extent Dantzler's claims relate to institutional reforms beyond his personal release, they rely on the Equal Protection Clause as a basis for relief.  Because Pennsylvania's treatment of sex offenders satisfies the Equal Protection Clause's "rational basis" test, Dantzler's claims must be dismissed.  Defendants' motion is therefore GRANTED.

An appropriate Order follows.

```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ANDRE DANTZLER              :        CIVIL ACTION
                            :
     v.                     :
                            :
FRANKLIN J. TENNIS, et al.  :        NO. 08-1612
```

ORDER

Mclaughlin, J.                                    September 17, 2008

      AND NOW, this 17th day of September, 2008, upon consideration of the defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 9) and the parties' briefs filed in support and in opposition of that motion, IT IS HEREBY ORDERED for the reasons set forth in the accompanying Memorandum of Law that the defendants' Motion to Dismiss is GRANTED and this case is dismissed with prejudice.

                              BY THE COURT:

                              /s/Mary A. McLaughlin
                              MARY A. McLAUGHLIN, J.